# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1289 SNLJ |
| | ) | |
| PNC BANK, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff moves to proceed in forma pauperis and has submitted a civil complaint. Based on plaintiff's financial affidavit, the Court will allow him to proceed without prepayment of the filing fee. Additionally, the Court will dismiss this action without further proceedings.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements" do not state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In his complaint, plaintiff alleges that an employee at PNC bank discriminated against him because of his race by asking plaintiff to demonstrate that he had actual business with the bank before letting him enter the bank. Plaintiff claims he went to the bank to cash a check. Upon arrival, defendant Lorenzo Tylervor allegedly stopped plaintiff and asked to see the check before letting plaintiff in. Plaintiff says he showed Tylervor his check. And plaintiff asserts that Tylervor then let him into the bank to conduct his business.

Plaintiff says that he then began calling the bank branch to complain about Tylervor's actions. Plaintiff called several times and threatened to protest outside the bank. Plaintiff maintains that PNC did not redress his complaints to his satisfaction.

Plaintiff has not stated a basis for this Court's jurisdiction. The Court will construe the complaint as coming under 42 U.S.C. § 1981, which is the only statute the Court can envision applying to the alleged facts. A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts). Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir.2004).

Plaintiff has not alleged any facts showing that PNC or its employees actually discriminated against him by refusing to let him do business inside the bank. Plaintiff's allegations only show that Tylervor assessed whether he had actual business to do in the bank before letting him enter. These allegations fail to state a claim under § 1981. And plaintiff's allegations show that he continuously harassed PNC's employees after he conducted business with the institution, which demonstrates malice. As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 28th day of July, 2014.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE